IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YONATAN SPECTOR,<br><br>Plaintiff,<br><br>-against-<br><br>SUNRISE CREDIT SERVICES, INC.,<br><br>Defendant. | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff YONATAN SPECTOR (hereinafter, "Plaintiff"), a New York resident, brings this complaint by and through the undersigned attorneys, Marcus & Zelman, against Defendant SUNRISE CREDIT SERVICES, INC., (hereinafter "Defendant").

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**NATURE OF THE ACTION**

3. Plaintiff brings this action after Defendant repeatedly called him, on his cellular phone, during working hours. These calls continued after the Plaintiff told the Defendant on call after call that he could not receive calls during working hours, which instructions were understood and acknowledged by the Defendant's representative.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt

collectors from engaging in abusive, deceptive and unfair practices.

5. Defendant's actions further violated § 227 et seq. of Title 47 of the United States Code, commonly referred to as the Telephone Consumer Protection Act ("TCPA") which prohibits the placement of automated calls to cellular phones with the prior, express consent of the called party.

6. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a natural person and a resident of Brooklyn, New York and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

8. The Defendant is a collection agency with an office located at 260 Airport Plaza Blvd, Farmingdale, NY 11735.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

10. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in the above paragraphs with the same force and effect as if the same were set forth at length herein.

14. Sometime prior to February 19, 2019 an obligation was allegedly incurred by the Plaintiff to Optimum over his home internet bill.

15. The Optimum obligation arose out of a transaction for personal home internet service, which is a service in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. Plaintiff disputes that he owes anything on the Optimum account, as the debt was allegedly incurred as a result of unreturned equipment which had, in fact, been returned.

17. The alleged Optimum obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

18. Optimum is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

19. Optimum directly or through an intermediary contracted the Defendant to collect the alleged debt.

20. On or about February 19, 2019, the Defendant called the Plaintiff on his cellular phone number (646) 283-2534 while he was at work.

21. Plaintiff is the subscriber and sole regular and customary user of the cellular phone number (646) 283-2534.

22. At that time, the Plaintiff specifically advised the Defendant that he could not receive calls when he was at work, which was between the hours of 9:00 a.m. and 7:00 p.m.  Defendant's representative acknowledged the Plaintiff's request.

23. Despite this request, the very next day, on February 20, 2019, the Defendant again called the Plaintiff during his working hours.  Plaintiff again reminded the Defendant of his request from the previous day that he not receive calls when he was at work between the hours of 9:00 a.m. and 7:00 p.m.

24. On that February 20, 2019 call, the Defendant advised the Plaintiff that Defendant's representatives don't control when calls are made and that "it doesn't necessarily work that way."

25. Plaintiff then received a call from the Defendant on February 25, 2019, again during his work hours of 9:00 a.m. and 7:00 p.m.

26. When the Plaintiff answered the phone, there was no customer service representative on the phone. Instead, the Plaintiff had to say 'Hello' three separate times until a customer service representative was eventually connected to the line after approximately ten seconds.

27. On the February 25th call, Plaintiff advised the Defendant that this was the third time he was reminding the Defendant to stop calling him during his work hours of 9:00 a.m. to 7:00 p.m. Defendant's representative apologized and advised that "I'm sorry about that. Unfortunately, yeah, it's the system that just automatically calls. We can put in that note and try to make sure not to call you between 9 and 7."

28. Defendant did not relent, however. Instead, on March 5, 2019, the Defendant called the Plaintiff at 12:23 p.m., again during his work hours. Plaintiff advised the Defendant that this was the fourth time he was reminding them not to call him during his work hours, and the Defendant responded 'no problem, I will give you a call back in the evening.'

29. Then, on March 8, 2019, the Defendant again called the Plaintiff during his work hours. Plaintiff advised the Defendant that this was the fifth time he was reminding them not to call him during 9:00 a.m. and 7:00 p.m. Defendant again advised that "we'll notate the account, however, being that the account is in collections, we don't hand dial the numbers" and that "we cant control the time that the system pushes out a call."

30. Defendant then again called the Plaintiff on his cell during work hours, this time on March 22, 2019 at 9:31 a.m.

31. On March 25, 2019 at 9:35 a.m., Defendant placed yet another call to the Plaintiff during work hours. Plaintiff advised the Defendant that this was the seventh call he had received from Defendant during work hours. Defendant's representative then apologized.

32. Defendant's apology was apparently meaningless, because the very next day, on March 26, 2019 at 11:58 a.m., the Defendant again called the Plaintiff during his work hours. After again being reminded that the Plaintiff could not receive call during his work hours, the Defendant's representative again promised that she would "note the account".

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

33. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

34. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c.

35. Pursuant to 15 U.S.C. §1692c(a)(1), a debt collector may not call a debtor at a time or place known or which should be known to be inconvenient to the consumer.

36. The Defendant repeatedly violated 15 U.S.C. §1692c(a)(1), by continuously calling the Plaintiff on his cell phone while he was at work, between his work hours of 9:00 a.m. and 7:00 p.m., even after he repeatedly advised the Defendant that he could not receive personal calls during that time.

37. By continuing to call the Plaintiff during work hours after specifically being requested to stop, Defendant violated the FDCPA and harmed the Plaintiff and placed him at work of getting in trouble at work for receiving personal calls. Defendant's violations of the FDCPA also caused actual harm to the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be

from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

38. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

39. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692c *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §227 *et seq*.

40. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

41. As alleged above, Defendant placed numerous calls to the Plaintiff's cellular phone number throughout the past year.

42. Plaintiff never provided Defendant with his consent to be called on his cellular phone.

43. Even if the Plaintiff had ever provided Defendant with his consent to be called, Plaintiff subsequently and repeatedly revoked his consent to be called during the hours of 9:00 a.m. and 7:00 p.m.

44. Despite Plaintiff's requests for the calls to stop, Defendant continued to call Plaintiff's cellular telephone with an automated telephone dialing system.

45. Defendant's use of an automated telephone dialing system was clearly indicated by the fact that no customer service representative was on the line immediately when the Plaintiff would answer the Defendant's calls. Instead, the customer service representative would

6

only come on the line *after* the call was placed, *after* the Plaintiff answered the phone, and *after* the Plaintiff would repeatedly state 'Hello'.

46. This is indicative of the automated voice recognition aspect of automated telephone dialing systems, which automatically place thousands of calls, and then route the answered calls to a (hopefully) available customer service representative.

47. Defendant's use of an automated telephone dialing system was further indicated by the statements of the Defendant's representatives that "we don't hand dial the numbers", that "we cant control the time that the system pushes out a call", and that "it's the system that just automatically calls."

48. Defendant's calls directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii), as the Defendant lacked any prior express consent of the Plaintiff to placee such automated calls to his cellular phone.

49. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

50. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

51. Defendant's calls and prerecorded messages called and/or directed towards the Plaintiff were further in willful violation of the TCPA, because the Defendant knew that it did not have the Plaintiff's consent to call the Plaintiff's cellular phone during the hours of 9:00 a.m. and 7:00 p.m., but it continued to do so nonetheless.

52. As a result of Defendant's willful violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is also entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful

violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) On Count I, awarding Plaintiff statutory damages, along with his attorneys' fees and expenses incurred in bringing this action;

(b) On Count II, awarding Plaintiff statutory damages, along with trebled statutory damages;

(c) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: April 4, 2019      */s/ Yitzchak Zelman*
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
ari@marcuszelman.com
*Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: April 4, 2019      */s/ Yitzchak Zelman*
Yitzchak Zelman, Esq.